

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DEON D. JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:05-2800-HFF-BM |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS *et al.*, | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE ACTION, *WITHOUT PREJUDICE*

This case was filed as a Section 1983 action. Plaintiff, a state prisoner, is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Defendants' Motion for Summary Judgment and dismiss the action, *without prejudice*, for Plaintiff's failure to exhaust administrative remedies. In the alternative, in the event the Court determines that a sufficient issue of material fact exists with regard to whether Plaintiff exhausted his administrative remedies (or was prevented by Defendants from doing so) to avoid summary judgment on that issue, then the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted as to Plaintiff's claims on the merits and that this case be dismissed, *with prejudice*. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 27, 2006. Plaintiff failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Therefore, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the portion of the Report regarding Plaintiff's failure to exhaust administrative remedies and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' Motion for Summary Judgment must be **GRANTED** and the action must be **DISMISSED**, *without prejudice*, for Plaintiff's failure to exhaust administrative remedies. The portion of the Report dealing with the merits of the case, therefore, is rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 18th day of April, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>HENRY F. FLOYD<br>UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.